■ WESTHILL EXPORTS, LIMITED, Respondent, v. GENEROSO POPE, JR., et al., Appellants.— Order entered on November 27, 1961, denying defendants' motion to dismiss the complaint for legal insufficiency under rule 106 of the Rules of Civil Practice, reversed, on the law, with $20 costs and disbursements to appellants, and the motion granted, with $10 costs. Plaintiff alleged that it was employed by defendants to procure for them a 10-year contract which would provide defendants with a supply of newsprint, and that plaintiff would be

paid a commission of 3% of the gross sales, payable by the seller. It is further alleged that plaintiff found a seller willing to sell at defendants' terms but that defendants refused to consummate the transaction. However, plaintiff's contract with defendants is incorporated in a letter dated January 26, 1959, which is annexed to the complaint. We must look at this letter for the nature of the agreement rather than plaintiff's allegations as to its import. On its face, it discloses an authorization for plaintiff to begin negotiations and not a contract of employment, unconditionally binding defendants to enter into a contract with a seller plaintiff might obtain. Fairly read, the letter reserves to defendants the right to accept or reject any proposed contract plaintiff would secure and, therefore, defendants' rejection of a proposed contract did not ground the action for breach of agreement which is attempted to be alleged in the complaint. Concur — Botein, P. J., Valente and Stevens, JJ.; Breitel and Steuer, JJ., dissent in part in the following memorandum: We find the complaint defective in one respect. It fails to allege that the mill procured by plaintiff was not only willing to supply defendants' needs as outlined in the letter of January 26, 1959, but able to so perform. With such an allegation, a cause of action would be stated (*Ackman* v. *Taylor*, 296 N. Y. 597). Consequently, while we agree that the complaint should have been dismissed, an opportunity to replead to supply this deficiency should be afforded. In our opinion the letter referred to does not negative the allegation of a hiring and may be shown to be consistent with it.